James Leroy HUDDLESTON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–98–00452–CR to 01–98–00456–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 8, 1999.

Tim Weatherly, Galveston, for Appellant.

Michael J. Guarino, Criminal Dist. Atty., Joel Hunter Bennett, Assistant Criminal District Attorney, Galveston, for State.

Panel consists of Justices COHEN, O'CONNOR, and PRICE.*

## OPINION

FRANK C. PRICE, Justice (Assigned).

Appellant, James Leroy Huddleston, pleaded guilty without an agreed recommendation to four indictments charging aggravated sexual assault of a child and one indictment charging aggravated kidnaping. The trial court assessed concurrent sentences at 45 years in prison for each aggravated sexual assault and 25 years for the aggravated kidnaping. In two points of error, appellant contends (1) the trial court erred in requiring appellant's wife to testify and (2) his guilty plea was not supported by any evidence. We affirm.

## Factual Background

The complainant, the 10–year–old child of appellant's neighbor, testified that appellant convinced her to get into his van to go to his house and wash dishes to earn money. After complainant finished the dishes, appellant grabbed her, taped her mouth, and sexually assaulted her. Appellant's neighbor from upstairs later saw appellant with complainant outside appellant's apartment, and the neighbor took complainant back upstairs to her home. Appellant's apartment was subsequently searched pursuant to a warrant. Police recovered the tape used to gag complainant along with a blood soaked comforter and blanket.

Appellant's wife testified she spoke by telephone to her husband the afternoon of the assault. Appellant told his wife the complainant was missing and asked "if your better half was in trouble would you help them." During the investigation, appellant gave a written confession admitting he sexually assaulted complainant.

## Spousal Privilege

■ In appellant's first point of error, he contends the trial court erred in permitting the State to call his wife to testify in violation of Texas Rule of Evidence 504. Generally, a defendant has a privilege to prevent his spouse from being called as a witness for the State. TEX.R. EVID. 504(b)(1). Appellant and the State refer to former Texas Rule of Criminal Evidence 504(2)(b)'s exception to the husband-wife privilege. Former Rule 504(2)(b)(1) stated that an exception to the husband-wife privilege applies "in a proceeding in which an accused is charged with a crime against the person of any minor child or any member of the household of either spouse." Appellant contends that "of either spouse" modifies "any minor child" and, as such, the exception does not apply to the facts in this case because the complainant was not his child or his wife's child. The State contends the exception applies when the crime is committed against *any* minor child whether or not defendant's or spouse's child. Both appellant and the State incorrectly rely on the language of former Rule 504(2)(b)(1).

■ Former Rule 504(2)(b)(1) was disapproved by the Legislature in 1995. Act of May 1, 1995, 74th Leg., R.S., ch. 67, § 6, 1995 Tex. Gen. Laws, 446, 447. During the same legislative session, the Legislature passed a bill amending the Code of

---

* The Honorable Frank C. Price., former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Criminal Procedure to include a new provision, article 38.10. Act of May 1, 1995, 74th Leg., R.S., ch. 67, § 2, 1995 Tex. Gen. Laws, 446, 446. The 1995 provision reads:

The privilege of a person's spouse not to be called as a witness for the state does not apply in any proceeding in which the person is charged with a crime committed against the person's spouse, *a minor child*, or a member of the household of either spouse.

Tex.Code Crim. P. Ann. art. 38.10 (Vernon Supp.1999). Although there was some ambiguity in the language of former Rule 504(2)(b)(1) regarding whether "of either spouse" modified "minor child," the disapproval of that rule and the inclusion of article 38.10 in the Code of Criminal Procedure clarified the ambiguity. Article 38.10 makes it clear that the exception to the privilege applies when a crime is committed against *any* minor child even if the defendant or spouse is not the parent of the child.

Further, Texas. Rule of Evidence 504 was amended effective March 1, 1998.[1] Because the punishment hearing in which appellant's wife testified was held March 4–5, 1998, rule 504(b)(4)(A) was the applicable rule at the time of trial. Rule 504(b)(4)(A) states that the privilege does not apply in any proceeding in which the person is charged with "a crime against the person's spouse, a member of the household of either spouse, or *any minor*." Tex.R. Evid. 504(b)(4)(A). The language of amended rule 504(b)(4)(A) makes it clear that the exception applies when the spouse is charged with a crime against *any* minor. Because appellant was charged with a crime against a minor, we hold the privilege did not apply under both amended Rule of Evidence 504(b)(4)(A) and Code of Criminal Procedure article 38.10.

We overrule point of error one.

### Guilty Plea

■ In appellant's second point of error, he contends his guilty plea was not sup-

ported by evidence as required by Code of Criminal Procedure article 1.15. Article 1.15 provides that, when a defendant pleads guilty to a felony, the State must introduce evidence showing the guilt of the defendant. That evidence, however, may be stipulated to by the defendant. *See* Tex.Code Crim. P. Ann. art. 1.15 (Vernon Supp.1999). The evidence shall be accepted by the court for its judgment, and it must be sufficient to support the judgment. *See id.*

Appellant entered into the following stipulation:

I freely and voluntarily plead GUILTY and confess my GUILT to having committed each and every element of the offense alleged in the indictment or information by which I have been charged in this cause and I agree and stipulate that the facts contained in the indictment or information are true and correct and constitute the evidence in this case.

Appellant "stipulates" that the allegations of the indictment itself "constitute the evidence in this case." By agreeing to this, the parties have in effect agreed that, were the State to present its evidence, the evidence would be that on or about October 25, 1997, appellant intentionally and knowingly caused penetration of the female sexual organ and anus of complainant and restrained complainant intending to prevent her liberation by secreting and holding her in a place where she was not likely to be found while having the intent to violate and abuse her sexually.

The Court of Criminal Appeals has routinely found a stipulation as to what witnesses would testify had they been present at trial is sufficient to support a conviction in the context of article 1.15. *See, e.g., Stone v. State,* 919 S.W.2d 424, 426 (Tex. Crim.App.1996). The stipulation here is the functional equivalent of a stipulation embracing every element of the offense charged. *See, e.g., Scott v. State* 945

[1]. 60 Tex. B.J. 1138 (1997).

S.W.2d 347, 348 (Tex.App.—Houston [1st Dist.] 1997, no pet.). We conclude there is sufficient evidence to establish appellant's guilt.

We overrule point of error two.

We affirm the judgments.