CRAWFORD, Chief Judge
(concurring in the result):
I agree with the majority’s resolution of this case on the ground of harmless error. I write separately because my analysis of whether “child of either” in the context of Military Rule of Evidence 504(c)(2)(A) [hereinafter M.R.E.] includes a de facto child, leads me to a different conclusion than the majority.
While the plain or ordinary meaning is certainly the starting point for statutory interpretation, courts should also implement “considerations of language, purpose, and administrative workability[.]” Geier v. American Honda Motor Co., 529 U.S. 861, 873, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000). Accordingly, “it is entirely appropriate to consult all public materials, including ... the legislative history ... to verify that what seems to us an unworkable disposition ... was indeed unthought of, and thus to justify a departure from the ordinary meaning of [a] word[.]” Green v. Bock Laundry Machine Co., 490 U.S. 504, 527, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989)(Scalia, J., concurring). See also Mississippi Band Choctaw Indians v. Holyfield, 490 U.S. 30, 43, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989)(applying congressional intent to statutory interpretation). “These factors provide a background of the existing customs, practices, and rights and obligations against which to read the statute.” United States v. Tardif 57 M.J. 219, 226 (C.A.A.F.2002)(Crawford, C.J., dissenting).
The explicit public policy concerns prompting the military’s adoption of M.R.E. 504(c)(2)(A) suggest that the term “child of either” includes a de facto child. To find otherwise is simply an “unworkable disposition” that, while justifiable under the plain meaning of the word “child,” defeats a key purpose for which the exception was adopted.
In 1969, the Judicial Conference of the United States, Committee on Rules of Practice and Procedure, promulgated a draft of the Proposed Federal Rules of Evidence— the precursor of today’s Federal Rules of Evidence. Proposed Fed.R.Evid. 5 — 05(b)(1) established an exception to the husband-wife privilege “in proceedings in which one spouse is charged with a crime against the person or property ... of a child of either[.]” 46 F.R.D. 161, 263 (1969). The note to the proposed rule identified the “need of limitation upon the privilege in order to avoid grave injustice in cases of offenses against ... a child [of either spouse.]” Id. at 265 (emphasis added). Proposed Fed.R.Evid. 5-05(b)(1) became, verbatim, Proposed Fed. R.Evid. 505(c)(1) in the 1971 Revised Draft of the Proposed Rules, which included the same explanatory note. 51 F.R.D. 315, 369, 371 (1971).
Although Congress did not include the Proposed Rule 505(c)(1) exception in the eventually codified Federal Rules of Evidence, the military did expressly include the exception in the form of M.R.E. 504(c)(2)(A). That the military elected to identify this exception explicitly, despite Congress’s failure to do so in the Federal Rules of Evidence, is significant. The analysis of M.R.E. 504(c)(2)(A) notes its adoption from proposed Fed.R.Evid. 505(c)(1), and highlights the rule’s recognition of “society’s overriding interest in prosecution of anti-marital offenses and the probability that a spouse may exercise sufficient control, psychological or otherwise, to be able to prevent the other spouse from testifying voluntarily.” Manual for Courts-Martial, United States (2002 ed.), Analysis of the Military Rules of Evidence A22-40.
What we glean from the history of M.R.E. 504(c)(2)(A) and its analysis is an intent to effect public policy. Clearly, an important public policy behind this exception is “the interest in protecting children, which abounds in the law” Dunn v. Superior Court, 21 Cal.App.4th 721, 26 Cal.Rptr.2d 365, 367 (Cal.Ct.App.1993) (interpreting the “child of either” language in California’s exception to the marital privilege). This interest strongly signals that “child of either” encompasses a de facto child. To find otherwise would yield absurd results. Clearly, the exception’s purpose
would not be served by affording protection to only those children of a family unit *345 with legal or biological relationships. Rather, [the purpose] is to ensure that those individuals, particularly minor children, who are present in the home and are actively a part of the family structure are protected, via criminal prosecution, for crimes committed against them.
State v. Michels, 141 Wis.2d 81, 414 N.W.2d 311, 316 (Wis.Ct.App.1987)(emphasis added).[1]
While the majority may be correct that this issue ultimately is “a legal policy question best addressed by the political and policy-making elements of the government,” 58 M. J. at 342, the Court is remiss to ignore the explicit public policy incentives behind the military’s adoption of M.R.E. 504(c)(2)(A).

. Several states which, like the military, have adopted the proposed Fed.R.Evid. 505(c)(1) exception have employed this reasoning and applied exactly this interpretation of "child of either." See Daniels v. State, 681 P.2d 341 (Alaska Ct.App.1984) (holding that the phrase is sufficiently broad to include crimes committed against foster children, in the interest of protecting children); Dunn v. Superior Court, 21 Cal. App.4th 721, 26 Cal.Rptr.2d 365, 367 (Cal.Ct. App.1993) (interpreting the phrase to include foster children, in the paramount interest of protecting children); Huddleston v. State, 997 S.W.2d 319, 321 (Tex.Ct.App.1999)(holding that the exception to the spousal privilege applies when a crime is committed against any minor child even if the defendant or spouse is not the parent of the child); State v. Michels, 141 Wis.2d 81, 414 N.W.2d 311, 315-16 (Wis.Ct.App.1987)(applying the rule’s "object to be accomplished” in concluding that a "foster child is properly included”).