**Randy Bernard YOUNG, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–97–00158–CR.**

Court of Appeals of Texas, Eastland.

May 6, 1999.

Wm. E. Johnson, Dallas, for appellant.

K. Jefferson Bray, Bill Hill, Criminal District Attorney, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

TERRY McCALL, Justice.

Randy Bernard Young pleaded nolo contendere to the offense of burglary of a

habitation with intent to commit aggravated assault. The trial court found him guilty and assessed his punishment at confinement for 20 years. We affirm.

██ Appellant presents three issues for review. In the first two issues, he contends that the evidence is legally and factually insufficient to show that he had the intent to commit aggravated assault when he entered the habitation. Appellant cites *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *Clewis v. State*, 922 S.W.2d 126 (Tex.Cr. App.1996), as providing the standards of review for his sufficiency challenges. However, the standards announced in these cases do not apply when a defendant has voluntarily pleaded nolo contendere. See *Ex parte Martin*, 747 S.W.2d 789 (Tex.Cr.App.1988); *Wright v. State*, 930 S.W.2d 131 (Tex.App.—Dallas 1996, no pet'n). When a defendant pleads nolo contendere, the State must introduce sufficient evidence to support the plea and show that the defendant is guilty. TEX. CODE CRIM. PRO. ANN. art. 1.15 (Vernon Supp.1999). Under Article 1.15, the evidence is sufficient to support a plea of nolo contendere if the evidence embraces every essential element of the offense charged. See *Stone v. State*, 919 S.W.2d 424, 427 (Tex.Cr.App.1996).

██ The record shows that State's witnesses testified that, on the night of October 6, 1996, appellant broke into the complainant's apartment through the back door. The complainant, appellant's ex-girlfriend, testified that she heard a gunshot coming from the back door and that she saw appellant trying to break in the back door. Afraid that appellant was trying to kill her, the complainant screamed and ran out the front door; and appellant ran after her. Appellant returned to the complainant's apartment and took their two children. He later released the children unharmed and was arrested by the police. The gun, a .9 millimeter semiautomatic which appellant had borrowed from a friend earlier that evening, was recovered from appellant. Although she never saw the gun, the complainant knew that appellant had it because she had heard the gunshot. A police officer testified that appellant had apparently shot himself under the arm while using the butt of the gun to break the complainant's window. Appellant presented no evidence at the guilt/innocence stage of trial.

We hold that the evidence was sufficient to embrace every element of the offense. A reasonable inference from the evidence was that appellant entered his ex-girlfriend's apartment with the intent to assault another by causing bodily injury, threatening bodily injury, or causing offensive physical contact and that appellant had the intent to use or exhibit a deadly weapon during the assault. See TEX. PENAL CODE ANN. §§ 22.01(a) & 22.02(a) (Vernon 1994). Appellant's first and second issues are overruled.

██ In his final issue, appellant challenges the sufficiency of the evidence in support of the affirmative deadly weapon finding. See TEX. CODE CRIM. PRO. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 1999). The indictment to which appellant pleaded nolo contendere charged that appellant used or exhibited a deadly weapon, to-wit: a firearm, during the commission of the offense. The use of a deadly weapon during the commission of an offense refers not only to "the wielding of a firearm with effect, but it extends as well to *any* employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony." (Emphasis in Original) *Patterson v. State*, 769 S.W.2d 938, 941 (Tex.Cr.App.1989). The record shows that appellant had a loaded .9 millimeter semiautomatic pistol in his hand during the offense when he used the butt of the gun to break the window. The complainant heard the gunshot at her back door and knew that appellant had a gun with him as he broke into her apartment. We hold that the evidence is sufficient to support a finding that appellant used a

firearm during the commission of the offense.  The third issue for review is overruled.

The judgment of the trial court is affirmed.