COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 NAIM ABDULLAH
 WALID,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-00-00542-CR
  
 Appeal from
  
 346th District Court
  
 of El Paso County, Texas
  
 (TC# 20000D02152)
 
 




 

O P I N I O N

 

This is an appeal from the trial
court=s revocation of appellant=s community supervision.  The trial court assessed the punishment at
six years= confinement at the Institutional
Division of the Texas Department of Criminal Justice.  We affirm.

Facts








On June 7, 2000, appellant pleaded
guilty to robbery and was placed on six years= community supervision.  Among the conditions of the community
supervision was that he would A[c]ommit no offense against the laws of this state or of any
other state (including municipal ordinances), or of the United States of
America.@ 
On August 22, 2000, the State filed a motion to revoke his community
supervision.  The motion alleged that on
July 14, 2000, appellant committed theft and intentionally and knowingly caused
bodily injury to Arturo Medina, by striking the body of Arturo Medina with the
arm of Naim Abdullah Walid.

At the revocation hearing, the State
offered the testimony of two loss prevention employees of the store.  The first witness, Angel Armendariz,
testified that he had dubbed copies from a multi-plex video recording system to
a regular tape so that he could give the copies to authorities.  Armendariz was not present for the original
recording.

The second witness, Art Medina, testified
that he was controlling surveillance on the day appellant walked into the
store.  He testified that the original
recording and the dubbed tape accurately depicted images of the appellant.  After giving the copy to the police, Medina
could not say for sure that the copy presented at the revocation hearing was
the same as the one he originally made recording appellant.

After watching appellant pick up
merchandise and leave the store without paying, Medina pursued appellant.  Medina testified as follows:

MEDINA:       After I left the store, sir, I started
proceeding Mr. Walid right behind, and that=s when
he kind of went like this with his hand, hit me in the right-hand shoulder with
his left hand.  I kept pursuing Mr.--

 

STATE:
          Hold on a second.  When he hit you in your shoulder, did that
hurt?

 

MEDINA:       Yes, sir.

 

STATE:           Cause pain?

 

MEDINA:       Yes, sir.

 








Medina also testified that the blow
caused a small red mark.  He then pursued
appellant to a nearby mall.  At this
point, Medina saw appellant Astick his hands in his pockets to pull out the merchandise.@ 
At the revocation hearing, Medina recognized the merchandise through
photos presented by the State as the merchandise recovered from appellant.  Medina admitted that he could not be sure
that the clothes in the photographs were the clothes from the store.

The trial court concluded that the
State did not meet its burden to prove by a preponderance of the evidence that
appellant had committed theft.  However,
the trial court also stated that there was enough evidence to prove assault.  The trial court therefore found appellant had
violated the terms and conditions of his community supervision and accordingly
revoked his probation.

Standard
of review








Appellate review of an order revoking
community supervision is confined to whether the trial court abused its
discretion.  See Jackson v.
State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  The burden of persuasion in determining
questions of evidentiary sufficiency in revocation proceedings is by a
preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 874 (Tex.
Crim. App. 1993).  The State is required
to sustain the burden of proving the allegations of the motion to revoke.  See id. at 873. Where a revocation of
community supervision is based upon a violation of the condition not to violate
the law, the requirements of the allegation are not as stringent as those of an
indictment.  Jansson v. State, 473
S.W.2d 40, 42 (Tex. Crim. App. 1971) (citing Campbell v. State, 456
S.W.2d 918, 921 (Tex. Crim. App. 1970)). 
Further, a violation of a single condition of community supervision will
support its revocation.  See Moore v.
State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  See also Maxey v. State, 49 S.W.3d
582, 584 (Tex. App.--Waco 2001, pet. ref=d). 
Moreover, we view the evidence presented at a revocation proceeding in
the light most favorable to the trial court=s judgment.  See Lee v. State, 952 S.W.2d 894, 897
(Tex. App.--Dallas 1997, no pet.).

Elements
of assault

In appellant=s first point of error, he argues
that the trial court erred in revoking his community supervision based on a
lesser-included offense of assault because the elements of assault were not
proven.  In support of his argument,
appellant argues that the evidence does not meet even the preponderance
standard because there is no evidence as to scienter, no evidence that
appellant knew Medina would find the touching offensive, and no evidence that a
theft had been committed.  We disagree.








It is true, as Walid argues, that
assault can be an element of robbery under Tex.
Penal Code ' 29.02, which provides that A[a] person commits an offense if, in
the course of committing theft . . . and with intent to obtain or maintain
control of the property, he: (1) intentionally, knowingly, or recklessly causes
bodily injury to another; or (2) intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death.@ 
Tex. Penal Code Ann. ' 29.02(a) (Vernon 1994).  Assault is also an independent offense under
the penal code, however, which  occurs
when a person Aintentionally, knowingly, or
recklessly causes bodily injury to another . . . . @ 
Tex. Penal Code Ann. ' 22.01(a)(1) (Vernon 1994 & Supp.
2002).  Under Texas law, Abodily injury@ means Aphysical pain, illness, or any
impairment of physical condition.@ 
Tex. Penal Code Ann. ' 1.07(a)(8) (Vernon 1994).  It is thus possible for evidence to be
insufficient to prove a robbery while simultaneously sufficient to prove an
assault. Appellant=s argument that there is no evidence of a probation violation
because there was no evidence of theft is therefore without merit.

Moreover, the trial court could
reasonably infer from the circumstances and Walid=s actions that his striking or
pushing Medina was done intentionally, knowingly, and recklessly.  See Young v. State, 993 S.W.2d 390, 391
(Tex. App.--Eastland 1999, no pet.); Sharpe v. State, 881 S.W.2d 487,
489 (Tex. App.--El Paso 1994, no pet.). 
Here, loss prevention employees testified that appellant was seen
stealing merchandise from the store and fleeing to prevent capture.  In the course of fleeing, Walid hit or pushed
a store employee who was pursuing him, causing the employee pain.








Because there is sufficient evidence
to prove an assault under Tex. Penal
Code    ' 22.01(a)(1), we find the trial court
did not abuse its discretion in finding appellant had violated the terms of his
community supervision.  That there was no
finding of theft, nor evidence that Medina found the touching offensive as
required under Tex. Penal Code   ' 22.01(a)(3) was not required in order
to sustain the State=s motion to revoke. 
Accordingly, Point of Error One is overruled.

Having considered and overruled Point
of Error One, and thus found that Walid=s probation was properly revoked on
Medina=s testimonial evidence proving
assault, we need not reach the second point of error concerning the
admissibility of the security video tapes.

Conclusion

The judgment of the trial court is
affirmed.

 

                                                                        


SUSAN
LARSEN, Justice

July 25, 2002

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)