Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JOHN D. EDWARDS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-01-00417-CR


Appeal from the


204th District Court


of Dallas County, Texas


(TC#F9902968-LQ)


 MEMORANDUM OPINION


 John D. Edwards appeals from his conviction by the trial court, following his plea of
no contest, of the offense of aggravated sexual assault. The trial court found Edwards guilty
and assessed his punishment at five (5) years' in the Texas Department of Corrections,
Institutional Division, and a fine of $5000. He contends in two points that the evidence is
factually insufficient to support his conviction and that the trial court erred in denying his
request for new trial based on newly discovered evidence. We affirm.

 Edwards contends in point one that the evidence is factually insufficient to support
his conviction. There is no review of factual sufficiency in a case where the defendant has
entered a plea of no contest. Young v. State, 993 S.W.2d 390, 391 (Tex. App.--Eastland
1999, no pet.) (citing Ex parte Martin, 747 S.W.2d 789. (Tex. Crim. App. 1988)). We
overrule point one. 

 Edwards insists in point two that the trial court erred in denying his request for a new
trial based on newly discovered evidence. In order to be entitled to a new trial based on
newly discovered evidence, the movant must show that the newly discovered evidence was
unavailable to the movant at the time of his or her trial; (2) the movant's failure to discover
or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible
and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new
evidence is probably true and will probably bring about a different result on another trial. 
Keeter v. State, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002).

The trial court has discretion to decide whether to grant a new trial based on newly
discovered evidence, and it's ruling will not be reversed absent an abuse of discretion. Id.
at 37. This discretion extends to situations in which the newly discovered evidence is the
retraction of a witness's testimony. Id. The trial judge determines the credibility of the
witnesses and whether the new evidence is probably true. Id.

The general rule is that where a witness has testified to material inculpatory facts
against an accused and after verdict, and before a motion for new trial has been acted upon,
such witness makes affidavit that he testified falsely, a new trial should be granted. Id. at 37. 
However, the trial court acts within its discretion in denying a new trial so long as the record
provides some basis for disbelieving the testimony concerning recantation. See id. In this
case, after S. D.'s aunt, Sharae Harris, testified that S. D. had recanted her testimony, S. D.
testified that she had made no such recantation and denied having discussed the matter with
her aunt. This testimony provides some basis upon which the trial court could reasonably
have chosen to believe that no such recantation had taken place and that, therefore, the aunt's
testimony was probably not true. 

We note also that this testimony was not unavailable to the movant at his trial and was
not presented after verdict. Rather, it was presented to the trial court during the trial, after
the trial court heard the evidence establishing guilt, and after the trial court had stated that
there was sufficient evidence to support a guilty finding, but prior to the court's finding
Edwards guilty pursuant to his plea of no contest. Edwards's contention that the recantation
did not occur until after he had been found guilty is inconsistent with the record. We hold
that the trial court did not abuse its discretion in denying Edwards's motion for new trial. We
overrule point two.

 The judgment is affirmed.

November 25, 2003


________________________________________ 

 JOHN HILL, Chief Justice, (Ret.)

 


Before Panel No. 5

Hill, C.J. (Ret.), McClure, and Chew, JJ.

(Hill, C.J., (Ret.) sitting by assignment)

 


(Do Not Publish)