In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-402 CR


____________________



MATTHEW LANE CREAMER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 87809






MEMORANDUM OPINION


 Appellant Matthew Lane Creamer waived his right to trial by jury and pled no
contest to two counts of indecency with a child. See Tex. Pen. Code Ann. § 21.11
(Vernon 2003). (1) After a hearing before the court, the trial court deferred adjudication of
guilt and placed Creamer on community supervision for five years. (2) Creamer appealed. 
 On appeal, Creamer contends that the evidence is legally and factually insufficient
to support a finding of guilt beyond a reasonable doubt under the standards of review
established by Jackson v. Virginia and Zuniga v. State. See Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Zuniga v. State, 144 S.W.3d 477, 484-85
(Tex. Crim. App. 2004). However, generally, a plea of no contest has the same legal
effect as a plea of guilty, except the plea may not be used against the defendant as an
admission in any civil suit growing out of the act upon which the criminal prosecution is
based. Tex. Code. Crim. Proc. Ann. art. 27.02 (5) (Vernon 1989). Because Creamer
pleaded no contest to the charges contained in the indictment, the standard of review on
appeal from a plea of not guilty does not apply. Stone v. State, 919 S.W.2d 424, 427
(Tex. Crim. App. 1996) (addressing legal sufficiency); O'Brien v. State, 154 S.W.3d 908,
910 (Tex. App.--Dallas 2005, no pet.); Keller v. State, 125 S.W.3d 600, 604-05 (Tex.
App.--Houston [1st Dist.] 2003), pet. dism'd, 146 S.W.3d 677 (2004), cert. denied,
__U.S.__, 125 S.Ct. 1603, 161 L.Ed.2d 280 (2005) (guilty plea to jury); Young v. State,
993 S.W.2d 390, 391 (Tex. App.--Eastland 1999, no pet.). The prosecution need only
comply with the State procedural requirement to introduce sufficient evidence to show the
defendant is guilty. See Ex parte Martin, 747 S.W.2d 789, 791-92 (Tex. Crim. App.
1988); Stone, 919 S.W.2d at 427. The evidence is sufficient if it embraces every element
of the offense charged. Id.

 Sexual contact is the only element of the offense challenged on appeal. The
indictment in this case alleged intent to arouse or gratify the sexual desire of the appellant. 
See Tex. Pen. Code Ann. § 21.11(c). Specific intent to gratify sexual desire can be
inferred from the defendant's conduct, his remarks, and all surrounding circumstances. 
McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). The complainant child
testified to every essential element of the offense charged. That testimony, if believed by
the judge in this bench trial, was sufficient evidence to establish the guilt of the appellant. 
However, appellant says the trial court did not enter a finding of indecency by exposure,
and concludes the trial court must have disbelieved significant portions of the child's
testimony. 

 We disagree with the conclusion suggested by the appellant. At the conclusion of
the hearing, the trial court found "the evidence shows beyond a reasonable doubt that Mr.
Creamer is guilty[,]" but the court deferred a finding of guilt. At the commencement of
a hearing conducted after preparation of a pre-sentence investigation report, the prosecutor
asked the court "to issue a ruling as to which count the Court found -- because this was a
dual count indictment -- as to which count the Court found true. I think you had indicated
on the record that the allegation in count one." It appears the prosecutor thought the State
could not obtain convictions on both indecency by contact and indecency by exposure, and
suggested the court enter a finding on the higher grade offense. Under these
circumstances, however, the trial court could have believed the child's entire story but
nevertheless acted on the prosecutor's suggestion. Nothing about the evidence offered in
support of the indictment is so weak or incredible that the trial court's finding cannot be
rationally justified. Creamer's admission is not required for the trial court to find the
evidence substantiates his guilt. Stone, 919 S.W.2d at 427. Even when the evidence is
viewed in a neutral light, here the complainant testified to sexual contact under
circumstances where the appellant's intent to gratify himself sexually could be found by
the trial court beyond a reasonable doubt. The evidence was sufficient to embrace every
element of the offense. The judgment of the trial court is affirmed.


 AFFIRMED.

 

 DAVID GAULTNEY 

 Justice

 

Submitted on August 16, 2005

Opinion Delivered October 19, 2005

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.

1. Section 21.11 of the Penal Code provides in part as follows:

 (a) A person commits an offense if, with a child younger than 17 years,
and not the person's spouse, whether the child is of the same or
opposite sex, the person:

 (1) engages in sexual contact with the child or causes the child to
engage in sexual contact. . . .


Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). 
2. Although the trial court initially ordered community supervision for two years, the
community supervision order signed by the trial court establishes a five year period of
supervision. Five years is the minimum period of deferred adjudication community
supervision permitted for a defendant charged with indecency with a child. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2005). Appellant personally signed
the community supervision order and agreed to its terms.