In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-213 CR


____________________



JAMES LLOYD WHITE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 89379






MEMORANDUM OPINION


 James Lloyd White pled no contest to possession of a controlled substance,
methamphetamine, in an amount of at least one gram but less than four grams. (1) The trial
court convicted White, sentenced White to five years of incarceration, then suspended the
sentence, placed White on community supervision for five years, and assessed a $750.00
fine. The sole issue White presents in this appeal contends the evidence is legally and
factually insufficient to sustain a conviction for possession of a controlled substance
because the State failed to prove venue by a preponderance of the evidence.

 First, White admits in his brief that he pled "no contest." A plea of no contest has
the same legal effect as a plea of guilty, except the plea may not be used against the
defendant as an admission in any civil suit growing out of the act upon which the criminal
prosecution is based. Tex. Code Crim. Proc. Ann. art. 27.02(5) (Vernon 1989). 
Because he pled no contest to the charges contained in the indictment, the standard of
review on appeal from a plea of not guilty does not apply. Young v. State, 993 S.W.2d
390, 391 (Tex. App.--Eastland 1999, no pet.). Federal due process is not implicated, and
the prosecution need only comply with the State's procedural requirement to introduce
sufficient evidence to show the defendant is guilty. Ex parte Martin, 747 S.W.2d 789,
791-92 (Tex. Crim. App. 1988). The evidence is sufficient if it embraces every element
of the offense charged. Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). 

 Second, we presume that venue was proved in the trial court unless the accused
disputed venue at trial or the record affirmatively shows the contrary. Tex. R. App. P.
44.2(c)(1). Even a "not guilty" plea does not place venue in dispute. Holdridge v. State,
707 S.W.2d 18, 21 (Tex. Crim. App. 1986). White not only pled "no contest," he did not
challenge the State's evidence regarding venue at trial or argue to the trial court that the
offense occurred in another county. 

 Third, the evidence adduced at trial affirmatively establishes venue in Jefferson
County. Venue in a criminal case need only be proven by a preponderance of the
evidence. Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005). The arresting officer
testified without objection that he stopped White and his vehicle in Jefferson County and
that a search of the vehicle revealed what proved to be 3.32 grams of methamphetamine
concealed in the door. White testified at trial but did not claim that the events transpired
in another county.

 The State established venue for the offense in the county of prosecution. We
overrule the issue presented and affirm the judgment of the trial court.

 AFFIRMED.


 

 ____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on February 21, 2006

Opinion Delivered March 8, 2006

Do Not Publish 


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Although the judgment recites a "not guilty" plea, the reporter's record reveals a plea
of "no contest."