**Bob BOURLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46732.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Joe B. Goodwin, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of exhibiting obscene matter. Punishment was assessed by the court at a fine in the amount of two hundred and fifty dollars.

■ Appellant contends the evidence is insufficient to sustain the conviction. Al-

though no argument was presented under this point, and the appellant's promised supplemental brief on this point was never filed, we find that under the rule announced by this court in Bryers v. State, 480 S.W.2d 712, the evidence is insufficient and the judgment must be reversed.

The information alleges that appellant did "knowingly exhibit to G. E. LeDoux an obscene motion picture at the Port Arthur, Cinema X, 324 Procter Street, Port Arthur, Jefferson County, Texas." On a plea of not guilty the case was tried before the court on an agreed statement of facts stipulating that various identified persons would have testified to the matter as set forth. Nine still photographs taken of the film viewed appear in the record. However, the film itself was not introduced into evidence, was not viewed by the factfinder below, and is not in the record before us. In *Bryers*, supra, this court said:

" . . . [W]e hold that the evidence is insufficient to sustain an obscenity conviction unless (1) the alleged obscene matter, in this case a film, is introduced into evidence or (2) the defendant expressly and affirmatively stipulates or admits that the material is obscene under the standards stated in Article 527 § 1 (A)."

The state in its supplemental brief points out that appellant stipulated that the state's witnesses would testify to a contravention of each of the standards of Article 527, Vernon's Ann.P.C., and urges that this should suffice as a stipulation that the material is obscene. With such a contention we cannot agree. A stipulation that certain testimony would be given obviously is not a stipulation that such testimony would be true. We find the record contains no express and affirmative stipulation or admission that the film is obscene under the standards in Article 527, Sec. 1(A), supra.

The judgment is reversed and the cause remanded.