**Gregory Lance STONE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1003–95.

Court of Criminal Appeals of Texas.

April 3, 1996.

---

Edward A. Mallett, Houston, for appellant.

Dan McCrory, Assist. Dist. Atty., Houston, Robert A. Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant entered a plea of "no contest" to the charge of attempted murder. The trial court found Appellant guilty and sentenced him to sixteen years confinement. The Court of Appeals reversed the judgment and remanded the cause for a new trial, holding that Appellant's stipulation to the evidence, entered pursuant to Article 1.15 V.A.C.C.P., was inadequate to support the conviction.[1] *Stone v. State*, 909 S.W.2d 570 (Tex.App.— Houston [14th] 1995) (opinion on rehearing). We granted the State's petition for discretionary review to decide whether the Court of Appeals erred in determining that the evidence was insufficient to support Appellant's plea of nolo contendere in the absence of a stipulation regarding the veracity of the State's witnesses.

■ In support of the Court of Appeals' holding, the court observed that the plea papers only stipulate as to what the witnesses would testify, not that their testimony would be true.[2] The Court concluded, "A stipulation that certain testimony would be offered is not a stipulation that the testimony is true." *Id.* at 572, *citing, Pine v. State*, 872 S.W.2d 25 (Tex.App.—Houston [14th] 1994, no pet.). *Pine* in turn, cites only *Bourland v. State*, 502 S.W.2d 8 (Tex.Cr.App.1973), as authority for this position.[3]

---

1. Art. 1.15 provides:
   No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

2. Appellant modified the language in the plea papers in the following respects. In the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," Appellant struck through "Judicial Confession," and modified the statement,

   > I understand the above allegations and I confess that they are true and that the acts alleged above were committed,

   so that it read:

   > I understand the above allegations *and the witnesses would testify* that the acts alleged above were committed.

   * * * * * *

   In the Written Admonishments form, Appellant altered the Judicial Confession section to read:
   > I further state that I have read the indictment or information filed in this case and that I *agree that the State's witnesses would testify that I* committed each and every allegation it contains. *They would testify that* I am guilty of the offense alleged as well as all lessor included offenses.

   (The underlined sections represent interlineations provided by Appellant.)

3. In *Bourland*, the defendant was charged with exhibiting obscene matter, a film. On a plea of not guilty, the case was tried before the court on

Without addressing the merits of either *Pine* or *Bourland,* we find those cases distinguishable. *Pine* and *Bourland* involved pleas of not guilty and a trial before the court based on an agreed stipulation of the evidence. Neither appellate court addressed Art. 1.15 in making its determination that the stipulated evidence was insufficient to support the convictions.

This Court has routinely found that a stipulation as to what witnesses would testify had they been present at trial is sufficient to support a conviction in the context of Art. 1.15. In *Brewster v. State,* 606 S.W.2d 325 (Tex.Cr.App.1980), the defendant signed a modified form stipulation agreeing that if the witnesses were present and sworn to testify, they would testify that on the day and place in question the defendant did intentionally and knowingly possess a controlled substance. On appeal, the defendant alleged the stipulated evidence was insufficient to support a finding of guilt upon a plea of nolo contendere. This Court found the stipulation sufficient to support the trial court's finding of guilt, observing:

> While the legal *effect* of a plea of nolo contendere is the same as a plea of guilty, the defensive posture of the accused—"I will not contest the accusation"—is slightly different from the stance of the guilty pleading accused—"I admit my guilt of the accusation." Consistent with that nice distinction *our appellants, apparently unwilling to confess their guilt, made it known to the trial court that they did not contest the testimony they stipulated under oath "the witnesses" the State could produce would give in open court. That procedure, when properly founded in compliance with Article 1.15, V.A.C.C.P., provides evidence supporting a resultant conviction.*

an agreed statement of facts stipulating that witnesses would testify to the matter as set forth in the film. The film itself was not introduced into evidence or viewed by the factfinder. In obscenity cases, the record must contain sufficient evidence for the trial court, and appellate court if necessary, to make its own independent determination of whether the material is obscene. *Andrews v. State,* 652 S.W.2d 370, 383 (Tex.Cr.App. 1983). Because there was no affirmative stipulation that the film was obscene, this Court held the evidence insufficient. *Id.* at 9. What *Bour-*

*Id.* at 329 (citations and footnotes omitted) (emphasis added). This Court noted that Art. 1.15 applies whether the stipulation relates to what a witness would testify or to the truth of the allegations in the indictment.

In *Robinson v. State,* 739 S.W.2d 795 (Tex. Cr.App.1987), this Court explained:

> [I]t is settled that, as a matter of Texas *criminal* law, the term "stipulation," at least as used in Art. 1.15 . . . includes *inter alia* agreements as to what particular evidence or testimony would be, if presented in full in open court, *without conceding the truthfulness of that evidence* or otherwise waiving the need for proof.

*Robinson,* 739 S.W.2d at 800 n. 5 (italics in original) (emphasis added). See also, *Ellard v. State,* 650 S.W.2d 840, 841 (Tex.Cr.App. 1983) (stipulation that "without admitting the truth of any of the allegations, the State's witnesses would testify as to facts that if believed, would satisfy on the elements of proof in the indictment," sufficient to support the trial court's finding the defendant was guilty).

Other courts of appeals have consistently followed precedent from this Court and similarly ruled that a defendant pleading "no contest" must only stipulate that he does not contest the fact that the witnesses would testify that he committed the alleged offense. See e.g., *Rosenkrans v. State,* 758 S.W.2d 388 (Tex.App.—Austin 1988, pet. ref'd); *McKinney v. State,* 709 S.W.2d 328 (Tex.App.— Houston [14th] 1986, no pet.). In fact, when a defendant actually does stipulate to the truth of the witness' testimony, this Court has held such an admission to constitute a judicial confession. *Waage v. State,* 456 S.W.2d 388, 389 (Tex.Cr.App.1970). If a defendant who pleads nolo contendere were required to concede the veracity of the stipu-

*land* stands for then is the position that a stipulation of evidence *in obscenity cases,* standing alone is insufficient to support a conviction because there is no evidence that embraces an essential element of the offense, that is, that the material is obscene. See also, *Burch v. State,* 695 S.W.2d 264, 265–66 (Tex.App.—Houston [1st] 1985, pet. ref'd). *Bourland* represents a very narrow holding based on the unique circumstances of that case, and we find the Court of Appeals' reliance on *Bourland* misplaced.

lated testimony, every stipulation of evidence would become a judicial confession. This would destroy any benefit a defendant may realize from pleading nolo contendere rather than guilty, and blur any significant distinction between the two methods of presenting sufficient evidence on a plea of guilty or nolo contendere. As stated by Justice Edelman in his dissent, "Article 1.15 is simply a means for a defendant to waive a trial and, correspondingly, the right to confront and cross-examine witnesses. In order to be convicted under this alternative, a defendant need not admit the truth of the prosecution evidence, any more so than he would to be convicted at trial." *Stone*, 909 S.W.2d at 574.

In the instant case, the stipulated testimony of the witnesses embraced every essential element of the offense charged and was sufficient evidence to establish the guilt of Appellant. As such, it was adequate to support Appellant's plea and the finding of guilt under Art. 1.15. Therefore, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court to consider Appellant's remaining points of error.