In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00195-CR


______________________________




LUKE CLYDE TEIXEIRA, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28437-B




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Luke Clyde Teixeira appeals from his conviction for the offense of aggravated sexual assault
of a child. He pleaded guilty to the court without a plea bargaining agreement, and after a
punishment hearing at which several witnesses testified, the court sentenced him to life
imprisonment. Teixeira was convicted for two separate offenses and has appealed those convictions
separately. They have been briefed separately, but have several contentions of error common to both
appeals.

 In two contentions of error that differ from the other appeal, Teixeira contends the evidence
is legally and factually insufficient to support the verdict, and that an oral amendment of the
indictment was ineffective and improper. He also contends the trial court erred by refusing to
consider the entire range of punishment and by allowing Gayle Burress to testify as an expert on
sexual assault and that he received constitutionally ineffective assistance of counsel at the
punishment hearing. 

 We first address his contention regarding the sufficiency of the evidence to support his
conviction. In our review of the legal sufficiency of the evidence, we employ the standards set forth
in Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the court to view the relevant
evidence in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

 In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light,
favoring neither party. Id. at 7. In determining the factual sufficiency of the evidence to establish
the elements of the offense, we view all the evidence in a neutral light and set aside the verdict only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Id.

 Teixeira contends the evidence is insufficient in this guilty plea because the indictment does
not allege an aggravated offense in violation of the Penal Code. Specifically, he points out that the
statute (1) criminalizes the act of causing "the penetration of the mouth . . . by the sexual organ of the
actor." The indictment alleges penetration of the mouth "by the defendant's genitals." Teixeira
argues that the words "sexual organ" and "genitals" are not interchangeable and that the indictment
therefore does not allege an offense. 

 The Code of Criminal Procedure specifically states that an indictment may use words that
convey the same meaning as or which "include the sense" of the statutory words. Tex. Code Crim.
Proc. Ann. art. 21.17 (Vernon 1989). The generic dictionary meanings of the word genitals refer
to reproductive organs and sexual organs. See Random House Dictionary of the English
Language 797 (2d ed. 1987). In the context of this indictment, it is clear the word "genitals"
includes the essential meaning of the term "sexual organ." Error has not been shown.

 Teixeira also argues the evidence is insufficient because it does not show he penetrated the
defendant's mouth as alleged in the indictment. 

 The State is required to introduce evidence showing the defendant's guilt. See Tex. Code
Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2002). Evidence is sufficient under Article 1.15 if it
embraces every essential element of the offense charged and establishes the defendant's guilt. See
Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A judicial confession alone is usually
sufficient to satisfy the requirements of Article 1.15, but a judicial confession that omits an element
of the offense is insufficient to support a guilty plea. 

 An exception to this rule provides that if the judicial confession contains a "catch-all" phrase
that the defendant is guilty "as charged in the indictment," the confession is sufficient evidence to
support the conviction even where an element of the offense has been omitted. See Snyder v. State,
629 S.W.2d 930, 932 (Tex. Crim. App. 1982). The relevant offense of aggravated sexual assault on
a child is defined by Tex. Pen. Code Ann. § 22.021(a)(B)(ii), (v). Subsection (ii) criminalizes
penetration of the mouth of a child by the sexual organ of the actor, while subsection (v) criminalizes
causing the mouth of a child to contact a sexual organ.

 In this case, counsel correctly points out that Teixeira did not admit in his statement that his
genitals either touched or penetrated the victim's mouth. However, Teixeira signed a judicial
confession stating that he had committed the offense as set out in the indictment. 

 This is clearly some evidence in support of the verdict; thus, the legal sufficiency contention
fails. Under the neutral review required for factual sufficiency, we also find from this record that
the evidence showing he is not guilty of the charged offense is not so overwhelming as to require us
to find that the evidence is factually insufficient to support his plea of guilty. The contention of error
is overruled.

 Teixeira next contends that an oral amendment of the indictment at the time of trial was
ineffective. The State asked to change the word "penetration" to "contact" in count two of the
indictment. The trial court granted the motion. 

 The court has held that physical interlineation on the original indictment is acceptable, but
not the exclusive means of effecting an amendment to the indictment. For example, the State may
proffer, for the trial court's approval, an amended version of a photocopy of the original indictment,
which if approved should then be incorporated into the record under the direction of the court under
Tex. Code Crim. Proc. Ann. art. 28.11 (Vernon 1989), with the knowledge and affirmative assent
of the defense. The photocopy then becomes the "official" indictment in the case. Riney v. State,
28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000).

 In this case, it appears that when this record was prepared for appeal, the district clerk did
not copy the actual indictment for transmission to this court as part of the official record. The State
has informed this court that the original indictment was scanned into electronic records at the time
of its filing and that the district clerk sent us a copy of the scanned version as part of the official
record. We have now received a supplemental record containing a photocopy of the paper
indictment, which was changed by physical interlineation at trial. Our record now contains a
photocopy of the paper indictment which reflects that the wording was physically changed by the
trial court. Error has not been shown.

 The remaining contentions of error in this case are that the trial court erred by failing to
consider the full range of punishment, by allowing Gayle Burress to testify as an expert, and by not
providing Teixeira effective assistance of counsel at trial. Those arguments are in every respect
identical to the contentions raised in the companion appeal. For the reasons stated in that appeal,
cause number 06-01-00194-CR, we likewise rule on those contentions in favor of the State in this
appeal.

 The judgment of the trial court is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: November 6, 2002

Date Decided: November 7, 2002


Do Not Publish
1. Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2002).