Opinion issued October 6, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-1064-CR




 CURIEA WILKINS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the the 174th District Court
Harris County, Texas
Trial Court Cause No. 969210




MEMORANDUM OPINION
          Appellant, Curiea Wilkins, pleaded no contest to a charge of aggravated
robbery and also pleaded true to two enhancements. Appellant also signed a “Waiver
of Constitutional Rights, Agreement to Stipulate, and Judicial Confession,” which
stated that if witnesses were to be called to testify, they would testify that appellant
was guilty as charged. Appellant’s plea was entered without a recommendation on
punishment. The presiding judge found sufficient evidence to substantiate
appellant’s guilt and deferred a finding of guilt so that a pre-sentence report could be
presented to the court.
          The State presented evidence at the sentencing hearing, and the trial court
found appellant guilty as charged and assessed punishment at 25 years’ confinement.
Appellant timely filed a notice of appeal.
          The record filed in this Court did not include the plea hearing. Appellant filed 
a brief arguing that the record was incomplete. This Court ordered the reporter’s
record of this hearing to be filed. After receiving the complete record, this Court
gave appellant the opportunity to file an amended brief. Appellant did not do so. 
However, given our duty to liberally construe the arguments in appellant’s brief, we
determine whether the evidence is sufficient to support appellant’s conviction. We
affirm.
DISCUSSION
          In his sole point of error, appellant contends that the evidence is legally and
factually insufficient to support the finding of guilt based on his plea of nolo
contendere. Appellant also argues that the appellate record is incomplete to prove
aggravated robbery because the plea hearing and the appellant’s pre-sentence
investigation report is missing from the record. 
          When a defendant pleads guilty or no contest in a non-capital felony case, the
usual standards of review for legal and factual sufficiency do not apply. Ex parte
Martin, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988). Under such circumstances,
Texas requires the procedural safeguard set out in article 1.15 of the Code of Criminal
Procedure, which requires the State to offer sufficient proof to support any judgment
based on a guilty or no contest plea to a felony charge. Tex. Code Crim. Proc. Ann.
art. 1.15 (Vernon 2003). 
          Specifically, the Code provides in relevant part that the State must “introduce
evidence into the record showing the guilt of the defendant . . . and in no event shall
a person charged be convicted upon his plea without sufficient evidence to support
same.” Id. Evidence is sufficient for purposes of article 1.15 if it embraces every
essential element of the offense charged and establishes the defendant’s guilt. Stone
v. State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).
          As explained above, pursuant to an order of this Court, the transcript of the
plea hearing was filed by the court reporter. Therefore, appellant’s charge that the
record is incomplete, insofar as the missing transcript of the plea hearing record is
concerned, is moot. Appellant was also afforded an opportunity to file an amended
brief in light of the plea hearing’s inclusion in the record. Appellant has not done so.
          In any event, there is no question that there is ample evidence in the record to
satisfy article 1.15’s requirement that there be sufficient evidence to support the
offense charged in that the evidence was stipulated. Stone v. State, 919 S.W.2d 424,
427 (Tex. Crim. App. 1996). The Code provides that 
[E]vidence may be stipulated if the defendant in such case consents in
writing, in open court, to waive the appearance, confrontation, and
cross-examination of witnesses, and further consents either to an oral
stipulation of the evidence and testimony or to the introduction of
testimony by affidavits, written statements of witnesses, and any other
documentary evidence in support of the judgment.

Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2003). In Stone, the Court of
Criminal Appeals held that “a stipulation as to what witnesses would testify had they
been present at trial is sufficient to support a conviction in the context of art. 1.15.”
919 S.W.2d at 426. 
          The record clearly shows that appellant signed a “Waiver of Constitutional
Rights, Agreement to Stipulate, and Judicial Confession,” which stipulated in open
court that witnesses would testify that appellant committed an aggravated robbery on
November 23, 2002, and appellant testified as to such at the plea hearing. Moreover,
at the sentencing hearing, the State introduced evidence in the form of Alex Torres’s
testimony that appellant did indeed threaten Torres with a box cutter, demand
Torres’s money, then proceeded to cut Torres with a box cutter. The requirement
then of article 1.15 that the State “introduce evidence into the record showing the
guilt of the defendant” is satisfied and the evidence is sufficient to support appellant’s
conviction. See, e.g., Gutierrez v. State, No. 01-03-01068-CR, 2004 WL 2066530, at
*2 n.3 (Tex. App—Houston [1st Dist.] Sept. 16, 2004, pet. ref’d) (finding that
defendant’s stipulation that if witnesses were to be called in matter, they would testify
that defendant committed offense was sufficient to satisfy article 1.15’s
requirements). 
           Appellant also complains that the appellate record is insufficient because it
lacks the pre-sentence investigation interview report. The purpose of a pre-sentence
investigation interview or report is to provide the trial court with information on the
“circumstances of the offense with which the defendant is charged, the amount of
restitution required to compensate any victims of the offense, the criminal and social
history of the defendant, and any other information relating to the defendant or the
offense requested by the judge.” Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a)
(Vernon 2003); Yarbrough v. State, 57 S.W.3d 611, 619 (Tex. App.—Texarkana
2001, pet. ref’d).
          While a pre-sentence investigation report may be considered in determining the
sufficiency of the evidence to support a plea, it is unnecessary to do so here where the
evidence produced at the plea proceeding is sufficient to support appellant’s plea. 
The mere fact that the pre-sentence investigation report is not included in the record
for appeal is not determinative to this Court’s assessment of whether there is
sufficient evidence to support the conviction.
          Accordingly, we overrule appellant’s sole point of error and affirm the
judgment. 
  
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).