In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00019-CR
______________________________


THASH ORLANDO THOMAS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 339th Judicial District Court
Harris County, Texas
Trial Court No. 965212


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Thash Orlando Thomas has appealed from his conviction on his plea of no contest
without a plea agreement to the offense of intentionally or knowingly causing serious bodily
injury to a child. He entered the plea after a trial for capital murder in which the jury failed
to reach a verdict and the court declared a mistrial. The State reduced the charge to injury
to a child causing serious bodily injury, and Thomas entered his plea to that charge. The
court sentenced Thomas to life imprisonment. 
          Counsel has filed a brief in which he concludes there are no arguable grounds of
error that would support reversal in this case, pursuant to Anders v. California, 386 U.S.
738 (1967). In his brief, counsel reviews the course of the trial, mistrial, and the plea
proceedings and sentencing in some detail, and after so doing, states that he has found
no grounds in the record that would support a reversal of the conviction or sentence. 
          Thomas has filed a response pro se, in which he argues that his plea provides
insufficient evidence to support his conviction. The State is required to introduce evidence
showing the defendant's guilt. See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). 
Evidence is sufficient under Article 1.15 if it embraces every essential element of the
offense charged and establishes the defendant's guilt. See Stone v. State, 919 S.W.2d
424, 427 (Tex. Crim. App. 1996). A judicial confession alone is usually sufficient to satisfy
the requirements of Article 1.15, but a judicial confession that omits an element of the
offense is insufficient to support a guilty plea. 
          A judicial confession was admitted into evidence. It is signed by Thomas, and in
that confession he stipulated that, as set out by the allegations against him, witnesses
would testify that Thomas intentionally and knowingly caused the death of Jalen Ardoin,
an individual under six years of age, by striking him on the abdomen and chest with a
deadly weapon, and that the allegations and the witnesses' testimony would be true. This
is sufficient evidence to support the conviction.



          Thomas also suggests that the confession is insufficient because it was not sworn
and made in open court. However, the document states that it was sworn and subscribed
to by the defendant, and it was presented and discussed in open court.


 Thomas further
suggests that, because the confession did not set out in detail each element of the offense
and specify that he admitted committing each element, it is insufficient. That is incorrect. 
Thomas' confession states that the allegations against him were true. Standing alone, that
is sufficient to support the guilty plea. Dinnery v. State, 592 S.W.2d 343, 354 (Tex. Crim.
App. [Panel Op.] 1979).
          Thomas also argues that the use of the term "charging instrument" rather than
indictment or information is too vague to satisfy the requirements of Article 1.15. He has
provided us with no authority to support that position, and we are aware of none. Further,
the terms are typically used interchangeably, and we see no error in such use. 
          We have carefully reviewed the record and counsel's brief, and agree that the
appeal is wholly frivolous and without merit. Further, we find nothing in the record that
might arguably support the appeal. 
          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      September 22, 2005
Date Decided:         October 7, 2005

Do Not Publish