

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00169-CR

_____

CHRISTOPHER NEAL TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 35729-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Christopher Neal Taylor appeals from his conviction on his open plea of guilty to the offense of driving while intoxicated (DWI), enhanced by two prior convictions. The trial court assessed his punishment at seven years' confinement. Taylor contends the evidence in his stipulation of evidence is insufficient, as it fails to prove the specific manner of his intoxication. Thus, he argues, the evidence is legally insufficient and we should reverse.

The State introduced five exhibits in support of the plea, including a stipulation of evidence, an offense report, and evidence of Taylor's prior convictions.

The Texas Penal Code defines the offense as being "intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). An offense under that section is a third-degree felony if the State proves that the actor has twice previously been convicted of other specified intoxication offenses. TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp. 2007).

In the context of a guilty plea brought to the trial court, the State is required to introduce evidence showing the defendant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). Evidence is sufficient under Article 1.15 if it embraces every essential element of the offense charged and establishes the defendant's guilt. *Id.*; *see Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A judicial confession alone is usually sufficient to satisfy the requirements of Article 1.15, but a judicial confession that omits an element of the offense is insufficient to support a guilty plea.

2

Thus, we will affirm a trial court's judgment under Article 1.15 of the Texas Code of Criminal Procedure if the State introduced evidence that embraced every essential element of the offense charged, which is sufficient to establish the defendant's guilt. *Fagan v. State*, No. 2-07-188-CR, 2008 WL 820568 (Tex. App.—Fort Worth Mar. 27, 2008, no pet.) (mem. op., not designated for publication). An exception to the rule requiring introduction of such evidence provides that, if the judicial confession contains a "catch-all" phrase that the defendant is guilty "as charged in the indictment," the confession is sufficient evidence to support the conviction even where an element of the offense has been omitted. *See Snyder v. State*, 629 S.W.2d 930, 932 (Tex. Crim. App. 1982).

In the indictment, the State alleged that Taylor was driving while intoxicated by reason of the introduction of alcohol or drugs into his body. In the stipulation, he confessed that the allegations in the indictment were true and correct, specifying that he had operated a motor vehicle while intoxicated, repeating the words of the indictment.

In this appeal, Taylor contends specifically that the evidence is insufficient because there is no proof of the manner of, or the agent causing, his intoxication. But the type of intoxicant is not an element of the offense. *Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004).

> [T]he definitions of "intoxicated" in Section 49.01(2) are evidentiary and therefore do not need to be alleged in a charging instrument. Therefore, a trial court should not quash a DWI information charging a defendant with DWI due to the State's failure to allege the definition of "intoxicated" that it intends to prove at trial.

*State v. Barbernell*, No. PD-0867-07, 2008 Tex. Crim. App. LEXIS 825, at *21 (Tex. Crim. App. July 2, 2008).  The State was not required to present evidence of the type of intoxicant in order to meet the requirements of Article 1.15 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.15.  This is buttressed by the exception noted above, recognizing that the evidence is sufficient when a defendant admits that he or she is guilty as charged in the indictment.

Further, we note that the officer's report, which was also introduced into evidence, stated that Taylor smelled of alcohol, had slurred speech, glassy eyes, and poor motor skills, that he could not remember where he had been or was coming from, and that he almost hit another vehicle.  This also lends some support to the verdict.  Based on the analysis above, we find that the evidence is sufficient to support the verdict.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice


Date Submitted:     July 7, 2008
Date Decided:       July 10, 2008

Do Not Publish