In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00169-CR


______________________________




CHRISTOPHER NEAL TAYLOR, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 35729-B


 


 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Christopher Neal Taylor appeals from his conviction on his open plea of guilty to the offense
of driving while intoxicated (DWI), enhanced by two prior convictions. The trial court assessed his
punishment at seven years' confinement. Taylor contends the evidence in his stipulation of evidence
is insufficient, as it fails to prove the specific manner of his intoxication. Thus, he argues, the
evidence is legally insufficient and we should reverse. 

 The State introduced five exhibits in support of the plea, including a stipulation of evidence,
an offense report, and evidence of Taylor's prior convictions. 

 The Texas Penal Code defines the offense as being "intoxicated while operating a motor
vehicle in a public place." Tex. Penal Code Ann. § 49.04 (Vernon 2003). An offense under that
section is a third-degree felony if the State proves that the actor has twice previously been convicted
of other specified intoxication offenses. Tex. Penal Code Ann. § 49.09(b) (Vernon Supp. 2007).

 In the context of a guilty plea brought to the trial court, the State is required to introduce
evidence showing the defendant's guilt. See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). 
Evidence is sufficient under Article 1.15 if it embraces every essential element of the offense charged
and establishes the defendant's guilt. Id.; see Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App.
1996). A judicial confession alone is usually sufficient to satisfy the requirements of Article 1.15,
but a judicial confession that omits an element of the offense is insufficient to support a guilty plea.

 Thus, we will affirm a trial court's judgment under Article 1.15 of the Texas Code of
Criminal Procedure if the State introduced evidence that embraced every essential element of the
offense charged, which is sufficient to establish the defendant's guilt.  Fagan v. State,
No. 2-07-188-CR, 2008 WL 820568 (Tex. App.--Fort Worth Mar. 27, 2008, no pet.) (mem. op., not
designated for publication). An exception to the rule requiring introduction of such evidence
provides that, if the judicial confession contains a "catch-all" phrase that the defendant is guilty "as
charged in the indictment," the confession is sufficient evidence to support the conviction even
where an element of the offense has been omitted. See Snyder v. State, 629 S.W.2d 930, 932 (Tex.
Crim. App. 1982).

 In the indictment, the State alleged that Taylor was driving while intoxicated by reason of
the introduction of alcohol or drugs into his body. In the stipulation, he confessed that the
allegations in the indictment were true and correct, specifying that he had operated a motor vehicle
while intoxicated, repeating the words of the indictment. 

 In this appeal, Taylor contends specifically that the evidence is insufficient because there is
no proof of the manner of, or the agent causing, his intoxication. But the type of intoxicant is not
an element of the offense. Gray v. State, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004).

 [T]he definitions of "intoxicated" in Section 49.01(2) are evidentiary and therefore
do not need to be alleged in a charging instrument. Therefore, a trial court should not
quash a DWI information charging a defendant with DWI due to the State's failure
to allege the definition of "intoxicated" that it intends to prove at trial.

State v. Barbernell, No. PD-0867-07, 2008 Tex. Crim. App. LEXIS 825, at *21 (Tex. Crim. App.
July 2, 2008). The State was not required to present evidence of the type of intoxicant in order to
meet the requirements of Article 1.15 of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 1.15. This is buttressed by the exception noted above, recognizing that the
evidence is sufficient when a defendant admits that he or she is guilty as charged in the indictment. 

 Further, we note that the officer's report, which was also introduced into evidence, stated that
Taylor smelled of alcohol, had slurred speech, glassy eyes, and poor motor skills, that he could not
remember where he had been or was coming from, and that he almost hit another vehicle. This also
lends some support to the verdict. Based on the analysis above, we find that the evidence is
sufficient to support the verdict.

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 7, 2008

Date Decided: July 10, 2008


Do Not Publish