*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-10-00331-CR

Omero **LUGO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 09-07-086-CRW
Honorable Stella Saxon, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Phylis J. Speedlin, Justice
           Rebecca Simmons, Justice
           Steven C. Hilbig, Justice

Delivered and Filed:  April 27, 2011

AFFIRMED

Omero Lugo entered pleas of no contest to one count of intoxication manslaughter and two counts of intoxication assault. The pleas were not the result of a plea bargain. The court sentenced Lugo to seventeen years in prison on the manslaughter count and to ten years on each count of intoxication assault. Lugo appeals the judgments contending the State failed to produce sufficient evidence to support the pleas as required by Article 1.15 of the Texas Code of Criminal Procedure. We affirm the judgments.

**BACKGROUND**

The charges against Lugo resulted from an automobile accident caused by Lugo as he drove the wrong way on U.S. Highway 181 north of Poteet, Texas. Lugo's vehicle struck a vehicle driven by Joseph Lang. Lang had two passengers in his vehicle — Dylan Lewis and Chasity Stone. Lewis and Stone were transported to hospitals for medical treatment, but Lang was pronounced dead at the scene. The mandatory blood draw was performed on Lugo and the results showed Lugo had an alcohol level of 0.24 grams per 100 milliliters of blood. Lugo was later charged by way of an indictment with one count of intoxication manslaughter in connection with the death of Lang, and two counts of intoxication assault for the injuries sustained by Stone and Lewis in the wreck.

Lugo entered a plea of no contest to all the charges without a plea bargain. During the plea proceeding, Lugo waived his right to a jury trial and also waived his right to the appearance, confrontation, and cross-examination of the witnesses. He also consented in writing to the admission into evidence of the various police reports, witness statements and lab reports attached to the written stipulations. The trial court accepted the stipulations and waivers, but deferred any finding of guilt. A punishment hearing was subsequently held during which Stone testified to her injuries, which included a broken hip bone and ankle, and a fractured pelvis. At the conclusion of the hearing, the court found Lugo guilty on all counts, imposed the sentences and ordered them to be served concurrently.

**DISCUSSION**

Lugo contends the judgments should be reversed because the State failed to introduce sufficient evidence to support his pleas as required by Article 1.15 of the Texas Code of Criminal Procedure, which provides in relevant part:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury . . . provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such a case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Art. 1.15, TEX. CODE CRIM. PROC. (West 2010). The record demonstrates such procedure was followed in the trial court. However, Lugo argues the judgments should be reversed because there is no evidence he was intoxicated at the time of the accident, which would be fatal to all three counts. He also argues there is no evidence Lewis sustained serious bodily injury resulting from the wreck, which would be fatal to the intoxication assault charge as to Lewis. We disagree.

When a defendant enters a no contest plea, the State is required by Article 1.15 to introduce supporting evidence that embraces every essential element of the offense charged. *See Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). As part of the plea proceeding, the court admitted State's Exhibit No. 1 into evidence. That document, entitled "WRITTEN WAIVER AND CONSENT TO STIPULATIONS AND STIPULATIONS" contained a recital that certain offense reports, witness statements, and lab reports were attached to the exhibit, marked as exhibit A. Included in exhibit A is an offense report that states a blood sample was obtained from Lugo shortly after the wreck, and a report from the Texas Department of Public Safety stating the blood sample taken from Lugo contained 0.24 grams of alcohol per 100 milliliters of blood. A person is intoxicated if his blood contains 0.08 or more grams per 100

milliliters of blood. TEX. PENAL CODE § 49.01. This evidence clearly supports the trial court's determination that Lugo was intoxicated at the time of the wreck.

Additionally, Lugo judicially admitted and confessed to all the allegations in the indictment. Paragraph 7 of the stipulations provided in part: "[t]hat [the defendant] is the identical person named in the indictment in this cause; and that he/she judicially confesses that all the acts, charges, and allegations in said indictment are true and correct." Lugo swore under oath that he read the stipulations and "that the same are true and correct." All three charges contained the allegation that Lugo operated a motor vehicle while "having an alcohol concentration of at least 0.08."

A judicial confession standing alone is sufficient evidence to support a plea under Article 1.15. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980); *Tijerina v. State*, 264 S.W.3d 320, 324 (Tex. App.—San Antonio 2008, pet. ref'd). Lugo's sworn stipulation that all the acts, charges and allegations" in the indictment were "true and correct" constituted a judicial confession. *See Dinnery*, 592 S.W.2d at 352. By admitting that the allegations of the indictment were true and correct, Lugo judicially confessed to committing each essential element of the offense. *See id*. The State introduced sufficient evidence embracing "every essential element of the offense charged." *Stone*, 919 S.W.2d at 427.

The same legal principle applies to resolve Lugo's complaint that there is no evidence to support his conviction for intoxication assault by causing serious bodily injury to Lewis under Count III. That count alleged in part that Lugo operated a motor vehicle while intoxicated, and "by reason of such intoxication cause[d] serious bodily injury to another, namely, Dylan Lewis." Because Lugo judicially confessed to all the acts and allegations of the offense charged,

including the allegations he caused serious bodily injury to Lewis, there is sufficient evidence to support the plea. *See Stone*, 919 S.W.2d at 427.

The judgments of the trial court are affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH