NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

**JIMMY BERNARD BILLINGSLEY**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

Petition is in Cause No. 1235745D from
Criminal District Court No. Three of Tarrant County, Texas,
and Cause No. 01-13-00052-CR in the
Court of Appeals for the Eleventh District of Texas

**PETITION FOR DISCRETIONARY REVIEW**

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax:  (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Jimmy Bernard Billingley

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

Petitioner:                         Jimmy Bernard Billingley

Petitioner's Trial Counsel:         Hon. Abe Factor
                                    TBN: 06768500
                                    Factor, Campbell & Collins
                                    Attorneys at Law
                                    5719 Airport Freeway
                                    Fort Worth, Texas 76117

Petitioner's Counsel                Hon. Abe Factor
on Appeal:                          TBN: 06768500
                                    Factor, Campbell & Collins
                                    Attorneys at Law
                                    5719 Airport Freeway
                                    Fort Worth, Texas 76117
                                    Phone: (817) 222-3333

Appellee:                           The State of Texas

Appellee's Trial Counsel:           Hon.Rebecca McIntire
                                    TBN: 00789254
                                    Hon. Joshua Ross
                                    TBN: 24046760
                                    District Attorney's Office
                                    401 W. Belknap
                                    Fort Worth, Texas 76196

Appellee's Counsel                  Hon. Charles Mallin
on Appeal:                          TBN: 12867400
                                    Hon. Andy Porter
                                    TBN: 24007857
                                    District Attorney's Office
                                    401 W. Belknap Street
                                    Fort Worth, Texas  76196

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . .ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . .1

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      The Court of Appeals erred when it held that Petitioner's
guilty plea was not void. . . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.      *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

     B.      *Opinion Below*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

     C.      *Controlling Law*. . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

     D.      *Discussion*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . .8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

# INDEX OF AUTHORITIES

*Cases*                                                                    *page*

*Billingsly v. State*,
>   11-13-00052-CR, 2015 WL xxxxx (Tex. App.–
>   >   Eastland, February 27, 2015, no. pet. h.)
>   >   >   (mem. op., not designated for publication). . .1-2, 3

*Degrate v. State*,
>   No. 05–04–00218–CR, 2005 WL 165182, (Tex. App.–
>   >   Dallas Jan. 26, 2005, no pet.)
>   >   >   (mem. op., not designated for publication). . . . . . 6

*Jackson v. Virginia*,
>   443 U.S. 307,  99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979). . . . . . . . . . . 4

*Ex parte Martin*,
>   747 S.W.2d 789 (Tex. Crim. App. 1988). . . . . . . . . . . . . . . . . .4, 5

*Mathonican v. State*,
>   194 S.W.3d 59, 69–71 (Tex. App.–Texarkana 2006, no pet.). . . . 6

*Menefee v. State*,
>   287 S.W.3d 9 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . . .5

*Najera v. State*,
>   955 S.W.2d 698 (Tex. App.–Austin 1997, no pet.). . . . . . . . . . . . 6

*Stone v. State*,
>   919 S.W.2d 424 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . .5

*Weeks v. State*,
>   834 S.W.2d 559, 561–65 (Tex. App.–Eastland 1992, pet. ref'd). .6

**Statutes**

Tex. Crim. Proc. Code Ann. art. 1.15 (West 2005). . . . . . . . . . . . . . . .3-4

Tex. Gov't Code Ann. § 73.001 (West 2013). . . . . . . . . . . . . . . . . . . . . . .6

Tex. Penal Code Ann. § 1.07(a)(46) (West Supp. 2014). . . . . . . . . . .5-6, 7

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

Petitioner Jimmy Bernard Billingsley ("Petitioner" or "Mr. Billingsley") was charged in Count Four of a four-count indictment of intentionally or knowingly causing serious bodily injury to Quonta Shaw by transmitting the Human Immunodeficiency Virus (HIV) to Ms. Shaw through sexual intercourse. (C.R. 7-8). Appellant pled guilty to Aggravated Assault Causing Serious Bodily Injury on December 28, 2012.(C.R. 167-171); (III R.R. 4). Appellant entered an open plea of guilty to the Court and was sentenced to 15 years confinement in the Texas Department of Criminal Justice. (C.R. 187). Appellant filed a timely Notice of Appeal on December 28, 2012.(CR191).

## STATEMENT OF PROCEDURAL HISTORY

The opinion of the Eleventh Court of Appeals Affirming Mr. Billingsly's judgment was handed down on February 27, 2015. *See Billingsly v. State*, 11-13-00052-CR, 2015 WL xxxxx (Tex. App.–Eastland, February 27, 2015, no. pet. h.) (mem. op., not designated for

1

publication). This timely Petition for Discretionary review ensued.

## GROUNDS FOR REVIEW

### GROUND FOR REVIEW ONE

**I. The Court of Appeals erred when it held that Petitioner's guilty plea was not void.**

### REASONS FOR REVIEW

1.      The decision by the Eleventh Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals.

2.      The Eleventh Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

### ARGUMENT

### GROUND FOR REVIEW ONE (Restated)

**I. The Court of Appeals erred when it held that Petitioner's guilty plea was not void.**

Because this petition is predicated upon error by the Eleventh Court of Appeals in its review of Mr. Billingsley's complaint on appeal, a review of the evidence presented and events which transpired below is in order.

2

## A. Facts

Appellant Jimmy Billingsley and the complainant Quonta Shaw had a sexual relationship. (IV R.R. 27). Prior to having sex with Ms. Shaw, Mr. Billingsley was HIV positive. (IV R.R. 27). During this sexual relationship Ms. Shaw contracted HIV from Mr. Billingsley. Mr. Billingsley did not tell Ms. Shaw he was HIV positive prior to their sexual relationship. (IV R.R. 27) Mr. Billingsley was indicted by a four-count indictment of knowingly transmitting HIV to Ms. Shaw. (CR 7-8). Appellant pled guilty to aggravated assault causing serious bodily injury and went open to the judge for punishment. (C.R. 167-171) (IV R.R. 4). After a trial on punishment before the trial court, Appellant was sentenced to 15 years confinement in the Texas Department of Criminal Justice. (CR 187).

## B. Opinion Below

Mr. Billingsley argued below that his plea of guilty was void because the State failed to present any evidence to support his plea as required by Article 1.15 of the Texas Code of Criminal Procedure. *See Billingsly*, 2015 WL xxxxx at *1 (citing Tex. Crim. Proc. Code Ann. art.

1.15).[1] In its Opinion, the Eleventh Court of Appeals simply held that Mr. Billingsley's judicial confession was sufficient to meet the requirements of Article 1.15. *Id*.

### C.  *Controlling Law*

When a criminal defendant knowingly, intelligently, and voluntarily pleads guilty, he waives his right to challenge the sufficiency of the evidence under the traditional standard set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979). *Ex parte Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988). However, when a defendant pleads guilty before the trial court to a noncapital felony offense, a conviction is not authorized under Article 1.15 unless

---

[1] No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause. Tex. Crim. Proc. Code Ann. art. 1.15).

4

there is evidence offered to support the guilty plea. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). When the defendant enters a guilty plea, there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *Ex parte Martin*, 747 S.W.2d at 792. Rather, in reviewing the sufficiency of the State's evidence, a reviewing court will affirm the trial court's judgment if the evidence embraces every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error. *Menefee*, 287 S.W.3d at 14.

**D.** *Discussion*

The indictment here alleged that Mr. Billingsley did

then and there intentionally or knowingly cause serious bodily injury to [Q.S.]. . .by penetrating the female sexual organ, anus, or mouth of [Q.S.] with the [appellant's penis, thereby causing [Q.S.] to contract the human immunodeficiency virus (HIV). . .against the peace and dignity of the State.

(C.R. 7-9). "Serious bodily injury" means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Tex. Penal Code Ann. § 1.07(a)(46) (West

5

Supp. 2014). Although Mr. Billingsley pled guilty to "each and every act" alleged in the indictment, the court of appeals apparently operated under the assumption that contracting HIV is per se "serious bodily injury," as the indictment contains no further elaboration regarding any connection between HIV and "serious bodily injury." Neither the Fort Worth Court of Appeals[2] nor the Court of Criminal Appeals have held that contracting HIV is "serious bodily injury."[3] The lack of any principled connection to the essential element of "serious bodily injury" can be illustrated here by substituting the word "flu" for

---

[2] Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to the Eleventh Court of Appeals in Eastland by the Texas Supreme Court pursuant to its docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001 (West 2013). The Eleventh Court of Appeals by rule was required to follow the precedent of the Second Court of Appeals in deciding this case. *See* Tex. R. App. P. 41.3.

[3] *But see generally Mathonican v. State*, 194 S.W.3d 59, 69–71 (Tex. App.–Texarkana 2006, no pet.) (finding defendant's HIV-positive seminal fluid was capable of causing death or serious bodily injury); *Degrate v. State*, No. 05–04–00218–CR, 2005 WL 165182, at *2, 2005 Tex. App. LEXIS 547, at *4–8 (Tex. App.–Dallas Jan.26, 2005, no pet.) (mem. op., not designated for publication) (finding legally and factually sufficient evidence that the mouth of an HIV-positive defendant was a deadly weapon when defendant bit the complainant); *Najera v. State*, 955 S.W.2d 698, 700–01 (Tex. App.–Austin 1997, no pet.) (finding legally and factually sufficient evidence that defendant's penis and seminal fluids were capable of causing death); *Weeks v. State*, 834 S.W.2d 559, 561–65 (Tex. App.–Eastland 1992, pet. ref'd) (finding evidence was sufficient to sustain HIV-positive defendant's attempted murder conviction for spitting at complainant).

"human immunodeficiency virus," as nowhere in the record is it shown that "human immunodeficiency virus" is any more likely than the common flu to cause "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *See* Tex. Penal Code Ann. § 1.07(a)(46).

As such, the court of appeals should not have held that sufficient evidence was admitted to support Mr. Billingsley's plea, as the essential element of "serious bodily injury" is not supported.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Eleventh Court of Appeals and reverse the conviction entered below.

Respectfully submitted,

/s/ Abe Factor
Abe Factor
TBN: 06768500
Factor, Campbell & Collins

7

Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Jimmy Bernard Billingley

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 2,124.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 30th day of March , 2015.

/s/ Abe Factor
Abe Factor

## **APPENDIX**

1.      Opinion of the Eleventh Court of Appeals.



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00052-CR
_____

## JIMMY BERNARD BILLINGSLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3

Tarrant County, Texas

Trial Court Cause No. 1235745D

## M E M O R A N D U M   O P I N I O N

Jimmy Bernard Billingsley entered an open plea of guilty to the offense of aggravated assault. Upon accepting his plea, the trial court found him guilty of the offense and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen years. In a single issue, Appellant challenges his conviction by arguing that the evidence in support

of his guilty plea was insufficient under Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). We affirm.

*Background*

Appellant was charged in a four-count indictment with committing various forms of assault by transmitting the human immunodeficiency virus (HIV) to Q.S. Appellant pleaded guilty to Count Four of the indictment.[1] Count Four alleged that Appellant intentionally or knowingly committed assault by causing serious bodily injury to Q.S. by causing her to contract HIV. Appellant executed a "Judicial Confession" whereupon he swore under oath that he had read the indictment "filed in this case and [he] committed each and every act alleged therein, except those acts waived by the State." At the plea hearing, Appellant testified that he was pleading guilty because he was guilty "and for no other reason."

*Analysis*

Appellant contends that his guilty plea was void because the State did not present sufficient evidence under Article 1.15 that he caused serious bodily injury by the transmission of HIV. In support of his argument, Appellant cites various publications that were not presented to the trial court; he asserts that the transmission of HIV should not be considered per se serious bodily injury today because of medical advancements in the treatment of the disease and the stigma presented by such a characterization. The State responds by arguing that Appellant's judicial confession alone satisfied the requirements of Article 1.15. We agree with the State's contention.

When a criminal defendant knowingly, intelligently, and voluntarily pleads guilty, he waives his right to challenge the sufficiency of the evidence under the traditional standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Ex parte*

---

[1]At the plea hearing, the trial court stated that Appellant pleaded guilty to "Count Five." Appellant acknowledges in his brief, however, that he actually pleaded guilty to Count Four in the indictment.

*Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988). However, when a defendant pleads guilty before the trial court to a noncapital felony offense, a conviction is not authorized under Article 1.15 unless there is evidence offered to support the guilty plea. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). When the defendant enters a guilty plea, there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *Ex parte Martin*, 747 S.W.2d at 792; *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Rather, in reviewing the sufficiency of the State's evidence, we will affirm the trial court's judgment if the evidence embraces every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error. *Menefee*, 287 S.W.3d at 14.

A person commits aggravated assault by committing an assault that causes serious bodily injury to another. TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011). "'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46) (West Supp. 2014). The indictment alleged in Count Four that Appellant "caused serious bodily injury to [Q.S.]" by "causing [Q.S.] to contract human immunodeficiency virus (HIV)." Appellant contends that the State failed to present evidence that he caused serious bodily injury by transmitting HIV to Q.S. However, Appellant judicially confessed to this element of the offense by confessing to "each and every act alleged" in the indictment. A judicial confession will suffice to support a guilty plea as long as the confession covers all of the elements of the charged offense. *Menefee*, 287 S.W.3d at 13. We conclude that Appellant's judicial confession covered all of the elements of the charged offense,

including the element challenged by Appellant on appeal. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

February 27, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

[Print this page](#)

# Envelope 4691878

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 03/30/2015 01:27:52 PM |
| Case Number | |
| Case Description | |
| Lower Court Number | |
| Assigned to Judge | |
| Attorney | Abe Factor |
| Firm Name | Factor & Campbell |
| Filed By | Tess Bruner |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Factor & Campbell |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 7714072 |
| Order # | 004691878-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |

Service Fee                $0.00

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 03/31/2015 03:30:11 PM | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel in compliance with [Rule 68.4(a)]; it is missing the identity of the trial court judge. There is a typo in your court of appeals case number: 01-13-00052-CR. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| *Lead Document* | Billingsley PDR.pdf | [Original] |
|---|---|---|

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Lisa C. McMinn information@spa.texas.gov | State Prosecuting Attorney | EServe | Sent | Yes | Not Opened |
| Debra Windsor coaappellatealerts@tarrantcounty.com | State of Texas | EServe | Sent | Yes | Not Opened |